(Reap. Dec. 10262)

NEW YORK MERCHANDISE CO., INC. *v*. UNITED STATES

Entry No. 16844, etc.

(Decided May 15, 1962)

*Stein and Shostak* (*Marjorie M. Shostak* of counsel) for the plaintiff.
*William H. Orrick, Jr.*, Assistant Attorney General (*James F. O'Hara*, trial attorney), for the defendant.

DONLON, Judge: On call of these cases at the term of court in Los Angeles on February 2, 1962, counsel stipulated, in open court, that the merchandise covered by the entries in the appeals for reappraisement listed in schedule A, attached to and made a part of this decision, was entered after February 27, 1958, the effective date of the final list published by the Secretary of the Treasury, T.D. 54521, under section 6(a) of the Customs Simplification Act of 1956, 70 Stat. 943, T.D. 54165. The cases were submitted on a further written stipulation of counsel for the parties, filed of record, as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, that the merchandise covered by the appeals for reappraisement enumerated in the attached Schedule of Cases, consists of Christmas tree light sets, exported from Japan; and that, at the time of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit values plus f.o.b. charges set out on the invoices, but not including the buying commission to Minami Sangyo as stated on the invoices.

IT IS FURTHER STIPULATED AND AGREED that the merchandise the subject of this stipulation is not included in the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, and that said merchandise is subject to appraisement under Sec. 402 of the Tariff Act of 1930 as amended by the Customs Simplification Act of 1956.

Accepting these two stipulations as an agreed statement of facts, I find and hold that export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, *supra*, is the proper basis for determination of the values of the Christmas tree light sets, described on the invoices covered by the

entries in these appeals for reappraisement, and that such values are the invoice unit values, plus f.o.b. charges, but not including the buying commission to Minami Sangyo, all as shown on the invoices which are included in the official papers filed with the court in the several suits.

As to all other merchandise, these appeals for reappraisement are dismissed.

Judgment will be entered accordingly.